**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SANTOS PEREZ MARTIN,  :<br>       :<br>           Plaintiff,  :<br>       :<br>      v.  :<br>       :<br>OCEAN COUNTY JAIL MEDICAL  :<br>DEPARTMENT,  :<br>       :<br>           Defendant.  :<br>       : | Civil No. 11-6880 (JAP)<br><br>**OPINION** |

**APPEARANCES**:

    SANTOS PEREZ MARTIN, Plaintiff pro se
    # 287525/671118
    Southern State Correctional Facility
    4295 Route 47
    Delmont, New Jersey 08314

**PISANO**, District Judge

    Plaintiff, Santos Perez Martin, a state inmate confined at the Southern State Correctional Facility in Delmont, New Jersey, at the time he submitted the above-captioned Complaint for filing, seeks to bring this action in forma pauperis. Based on his affidavit of indigence, the Court will grant plaintiff's application to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (1998) and order the Clerk of the Court to file the Complaint.

    At this time, this Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, to determine whether the

pleading should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that this action should be dismissed with prejudice.

## I.   BACKGROUND

Plaintiff, Santos Perez Martin ("Plaintiff" or "Martin"), brings this civil action, pursuant to 42 U.S.C. § 1983, against the medical staff at the Ocean County Jail Medical Department. (Complaint, Caption and ¶ 4b).  The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only.  The Court has made no findings as to the veracity of plaintiff's allegations.

Plaintiff alleges that on or about February 13, 2010, at 9:45 p.m., he slammed his left pinky finger into a door. Plaintiff requested medical treatment but was told that the medical department was closed.  The next day, Plaintiff complained about his pinky finger and was seen by a nurse in the medical department.  The nurse gave Plaintiff two pills for pain. Plaintiff states that he continued to complain about pain in his finger, and believed that his pinky finger was broken.  He waited fourteen days before he was seen by a doctor and an x-ray was taken.  He went to an outside hospital for treatment.

Plaintiff alleges that treatment was delayed because of his inability to speak English and the lack of an interpreter to

assist Plaintiff in understanding his medical issues. He also complains that his finger "has not healed properly and still bothers [him] occasionally." (Complaint, Statement of Claims, ¶ 6).

Plaintiff seeks compensatory damages in the amount of $40,000.00, as well as legal and medical fees. (Compl., ¶ 7).

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. This action is subject to sua sponte screening for dismissal under both 28 U.S.C. § 1915(e)(2)(B) and § 1915A.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007)(following Estelle v. Gamble, 429 U.S. 97, 106 (1976) and Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). See also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must

3

"accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)). The standard for evaluating whether a complaint is "frivolous" is an objective one. Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). See also Erickson, 551 U.S. at 93-94 (In a pro se prisoner civil rights complaint, the Court reviewed whether the complaint complied with the pleading requirements of Rule 8(a)(2)).

However, recently, the Supreme Court revised this standard for summary dismissal of a Complaint that fails to state a claim in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009). The issue before the Supreme Court was whether Iqbal's civil rights complaint adequately alleged defendants' personal involvement in

4

discriminatory decisions regarding Iqbal's treatment during detention at the Metropolitan Detention Center which, if true, violated his constitutional rights.  Id.  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).[1]  Citing its recent opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,' " Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court identified two working principles underlying the failure to state a claim standard:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice ... .  Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief."  Fed. Rule Civ. Proc. 8(a)(2).

---

[1] Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct.  No technical form is required."  Fed.R.Civ.P. 8(d).

5

Iqbal, 129 S.Ct. at 1949-1950 (citations omitted).

The Court further explained that

> a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Iqbal, 129 S.Ct. at 1950.

Thus, to prevent a summary dismissal, civil complaints must now allege "sufficient factual matter" to show that a claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1948. The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. Id. at 1949-50; see also Twombly, 505 U.S. at 555, & n.3; Fowler v. UPMC Shadyside, 578 F.3d 203, 210(3d Cir. 2009).

Consequently, the Third Circuit observed that Iqbal provides the "final nail-in-the-coffin for the 'no set of facts' standard" set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957),[2] that

---

[2] In Conley, as stated above, a district court was permitted to summarily dismiss a complaint for failure to state a claim only if "it appear[ed] beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Id., 355 U.S. at 45-46. Under this "no set of facts" standard, a complaint could effectively survive a motion to dismiss so long as it contained a bare recitation of the claim's legal elements.

6

applied to federal complaints before Twombly. Fowler, 578 F.3d at 210. The Third Circuit now requires that a district court must conduct the two-part analysis set forth in Iqbal when presented with a motion to dismiss:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [Iqbal, 129 S.Ct. at 1949-50]. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." [Id.] In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. See Phillips, 515 F.3d at 234-35. As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show [n]'-'that the pleader is entitled to relief.'" Iqbal, [129 S.Ct. at 1949-50]. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Fowler, 578 F.3d at 210-211.

This Court is mindful, however, that the sufficiency of this pro se pleading must be construed liberally in favor of Plaintiff, even after Iqbal. See Erickson v. Pardus, 551 U.S. 89 (2007). Moreover, a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility. See Grayson v. Mayview State Hosp., 293 F.3d 103, 110-111 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000).

III.  SECTION 1983 ACTIONS

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

IV.  ANALYSIS

Plaintiff asserts that he was denied medical care in violation of his Eighth Amendment rights. The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. Estelle v. Gamble, 429 U.S. 97, 103-04 (1976); Rouse v. Plantier, 182 F.3d 192 (3d Cir. 1999). In order to set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege:  (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate

8

indifference to that need. Estelle, 429 U.S. at 106; Natale v. Camden County Correctional Facility, 318 F.3d 575, 582 (3d Cir. 2003).

To satisfy the first prong of the Estelle inquiry, the inmate must demonstrate that his medical needs are serious. "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" Hudson v. McMillian, 503 U.S. 1, 9 (1992). The Third Circuit has defined a serious medical need as: (1) "one that has been diagnosed by a physician as requiring treatment;" (2) "one that is so obvious that a lay person would recognize the necessity for a doctor's attention;" or (3) one for which "the denial of treatment would result in the unnecessary and wanton infliction of pain" or "a life-long handicap or permanent loss." Atkinson v. Taylor, 316 F.3d 257, 272-73 (3d Cir. 2003)(internal quotations and citations omitted); see also Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987), cert. denied, 486 U.S. 1006 (1988).

The second element of the Estelle test requires an inmate to show that prison officials acted with deliberate indifference to his serious medical need. See Natale, 318 F.3d at 582 (finding deliberate indifference requires proof that the official knew of and disregarded an excessive risk to inmate health or safety).

9

"Deliberate indifference" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm. Farmer v. Brennan, 511 U.S. 825, 837-38 (1994). Furthermore, a prisoner's subjective dissatisfaction with his medical care does not in itself indicate deliberate indifference. Andrews v. Camden County, 95 F. Supp.2d 217, 228 (D.N.J. 2000); Peterson v. Davis, 551 F. Supp. 137, 145 (D. Md. 1982), aff'd, 729 F.2d 1453 (4th Cir. 1984). Similarly, "mere disagreements over medical judgment do not state Eighth Amendment claims." White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990). "Courts will disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment ... [which] remains a question of sound professional judgment." Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979) (internal quotation and citation omitted). Even if a doctor's judgment concerning the proper course of a prisoner's treatment ultimately is shown to be mistaken, at most what would be proved is medical malpractice and not an Eighth Amendment violation. Estelle, 429 U.S. at 105-06; White, 897 F.3d at 110.

The Third Circuit has found deliberate indifference where a prison official: (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment for non-medical reasons; or (3) prevents a prisoner from receiving needed or recommended treatment. See Rouse, 182 F.3d at 197. The court also has held

10

that needless suffering resulting from the denial of simple medical care, which does not serve any penological purpose, violates the Eighth Amendment.  <u>Atkinson</u>, 316 F.3d at 266.  <u>See also</u> <u>Monmouth County Correctional Institutional Inmates</u>, 834 F.2d at 346 ("deliberate indifference is demonstrated '[w]hen ... prison authorities prevent an inmate from receiving recommended treatment for serious medical needs or deny access to a physician capable of evaluating the need for such treatment"); <u>Durmer v. O'Carroll</u>, 991 F.2d 64 (3d Cir. 1993); <u>White v. Napoleon</u>, 897 F.2d 103 (3d Cir. 1990).

    Here, Plaintiff alleges that he had to wait 14 days for treatment of his left pinky finger, purportedly because he could not speak English.  These allegations are not sufficient to support an Eighth Amendment denial of medical care claim.  Namely, the allegations fail to show deliberate indifference on the part of the defendant medical staff.  Plaintiff admits that he received treatment for his pinky finger the very next day, albeit, not the treatment he believed was appropriate.  Moreover, when Plaintiff continued to complain of pain, he was taken to the hospital for treatment within two weeks from the date of his injury, which was simply a jammed left pinky finger.

    Thus, at most, it would appear that Plaintiff was not happy with the type of treatment he received at first, which is nothing more than a claim of medical negligence that is not cognizable in

a § 1983 action.  As stated above, even if the doctor and medical staff at the Ocean County Jail initially misidentified Plaintiff's injury and rendered a course of treatment that was later shown to be incorrect for a fracture of the pinky finger, such conduct does not rise to the level of deliberate indifference, but instead is medical malpractice that is not an Eighth Amendment violation.  See Estelle, 429 U.S. at 105-06; White, 897 F.3d at 110 ("mere disagreements over medical judgment do not state Eighth Amendment claims").  Therefore, because the allegations in the Complaint fail to support a claim of deliberate indifference, which is a predicate to an Eighth Amendment claim of denial of medical care, the Complaint will be dismissed with prejudice, as against all named defendants, pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1), for failure to state a claim.

## V.   CONCLUSION

For the reasons set forth above, the Complaint will be dismissed with prejudice, in its entirety, as against all named defendants, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief may be granted.  An appropriate order follows.

                                               /s/ JOEL A. PISANO
                                               JOEL A. PISANO
                                               United States District Judge

Dated: June 4, 2012